**FILED**
CLERK, U.S. DISTRICT COURT

05/15/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____GSA_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL ANGEL MELENDEZ, <br> aka "Twin," and <br> VICENTE ALEXANDER RAMOS III, <br><br> Defendants. | CR 2:26-cr-00312-MWF <br><br> I N D I C T M E N T <br><br> [18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 933(a)(1): Trafficking in Firearms; 26 U.S.C. § 5861(d): Possession of Unregistered Short-Barreled Rifles; 18 U.S.C. §§ 924, 934, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[ALL DEFENDANTS]

Beginning no later than on or about March 12, 2024, and continuing to at least on or about April 1, 2026, in Los Angeles County, within the Central District of California, defendants MIGUEL ANGEL MELENDEZ, also known as "Twin," and VICENTE ALEXANDER RAMOS

III, each aiding and abetting the other, not being licensed as importers, manufacturers, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | DEFENDANT(S) | FIREARM(S) |
|------|--------------|------------|
| March 12, 2024 | MELENDEZ, RAMOS | A Beretta, model APX, 9mm caliber semi-automatic pistol, bearing serial number AXC126081 |
| | | A Beretta, model APX, 9mm caliber semi-automatic pistol, bearing serial number AXC128117 |
| | | A Springfield Armory, model XD, 9mm caliber semi-automatic pistol, bearing serial number BA731251 |
| | | A Springfield Armory, model XD, .45 caliber semi-automatic pistol, bearing serial number XD654775 |
| | | A Smith & Wesson, model SD92.0, 9mm caliber semi-automatic pistol, bearing serial number EFC2718 |
| | | A Taurus, model 905, 9mm caliber semi-automatic pistol, bearing serial number IZ11911 |
| March 19, 2024 | MELENDEZ, RAMOS | A Battle Arms Development, model Workhorse, 5.56 caliber fully automatic AR-style rifle bearing serial number WP11899 |
| | | An Izhmash (Imez/Baikal), model IJ70-18A, 9mm caliber semi-automatic pistol, bearing serial number AEC4566 |

2

| DATE | DEFENDANT(S) | FIREARM(S) |
|---|---|---|
| March 26, 2024 | MELENDEZ, RAMOS | A Radical Firearms, model RF-15, .223 caliber semi-automatic rifle, bearing serial number 21-018824<br><br>An Anderson Manufacturing, model AM-15, .223 caliber semi-automatic rifle, bearing serial number 21454929<br><br>A Typhoon Defence, model TYPHOON XII, 12-gauge semi-automatic shotgun, bearing serial number 21-A-2430<br><br>A Privately made, .223 caliber AR-style rifle, bearing no markings or serial number (commonly referred to as a "ghost gun") |
| April 10, 2024 | MELENDEZ, RAMOS | A Battle Arms Development, model Workhorse, multi-caliber fully automatic AR rifle, bearing serial number WP16643<br><br>An Aero Precision, model X15, multi-caliber semi-automatic short barrel rifle, bearing serial number X437301 |
| May 30, 2024 | MELENDEZ | A Radical Firearms, model RF-15, multi-caliber AR-style semi-automatic pistol, bearing serial number 23-028908<br><br>An Anderson Manufacturing, model AM-15, multi-caliber AR-style pistol, bearing serial number 16438533<br><br>A Glock, model 23, .40 caliber semi-automatic pistol, bearing serial number HNZ198 |
| June 25, 2024 | MELENDEZ | A privately made, .223 caliber AR-style semi-automatic ghost gun rifle |

3

| DATE | DEFENDANT(S) | FIREARM(S) |
|---|---|---|
| March 17, 2026 | MELENDEZ | An HS Produkt, model XD-9 Sub-Compact, 9mm caliber semi-automatic pistol, bearing serial number GM702376<br><br>A Glock, model 17, 9x19 caliber semi-automatic pistol, bearing serial number LFX488<br><br>A Sig Sauer, model 1911, .45 caliber semi-automatic pistol, bearing serial number 54E009101<br><br>A Smith & Wesson, model 642-2 Airweight, .38 Special + P caliber revolver, bearing serial number DNT1020<br><br>A Leinad Inc., model PM11/NINE, 9mm semi-automatic pistol, bearing serial number 94-0023563 |
| April 1, 2026 | MELENDEZ, RAMOS | A privately made, short-barreled ghost gun rifle<br><br>A privately made, short-barreled ghost gun rifle<br><br>A Smith & Wesson, model M&P 9 Shield, 9mm caliber semi-automatic pistol, bearing serial number JPN3582<br><br>A Taurus, model 405, .40 caliber revolver, bearing serial number EY527056<br><br>A Ruger, model Precision Rimfire, .17 caliber bolt-action rifle, bearing serial number 842-42374<br><br>A Remington, model 870, 12-gauge shotgun, bearing serial number V497050V |

4

COUNT TWO

[18 U.S.C. §§ 933(a)(1), 2(a)]

[ALL DEFENDANTS]

On or about March 19, 2024, in Los Angeles County, within the Central District of California, defendants MIGUEL ANGEL MELENDEZ, also known as "Twin," and VICENTE ALEXANDER RAMOS III, each aiding and abetting the other, knowingly shipped, transported, transferred, caused to be transported, and otherwise disposed of the following firearms to another person, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the recipient would constitute a felony, namely, a violation of 22 U.S.C. § 2778(a), (b)(1), (b)(2) and 22 C.F.R § 121.1, 50 U.S.C. § 4819:

(1)  A Battle Arms Development, model Workhorse, 5.56 caliber fully automatic AR-style rifle bearing serial number WP11899; and

(2)  An Izhmash (Imez/Baikal), model IJ70-18A, 9mm caliber semi-automatic pistol, bearing serial number AEC4566.

5

COUNT THREE

[18 U.S.C. § 933(a)(1)]

[DEFENDANT MELENDEZ]

On or about March 17, 2026, in Los Angeles County, within the Central District of California, defendant MIGUEL ANGEL MELENDEZ, also known as "Twin," knowingly shipped, transported, transferred, caused to be transported, and otherwise disposed of the following firearms to another person, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the recipient would constitute a felony, namely, a violation of 22 U.S.C. § 2778(a), (b)(1), (b)(2) and 22 C.F.R § 121.1, 50 U.S.C. § 4819:

(1)  An HS Produkt, model XD-9, 9mm caliber semi-automatic pistol, bearing serial number GM702376;

(2)  A Glock, model 17, 9mm caliber semi-automatic pistol, bearing serial number LFX488;

(3)  A Sig Sauer, model 1911, .45 caliber semi-automatic pistol, bearing serial number 54E009101;

(4)  A Smith & Wesson, model 642-2 Airweight, .38 Special + P caliber revolver, bearing serial number DNT1020; and

(5)  A Leinad Inc., model PM11/NINE, 9mm semi-automatic pistol, bearing serial number 94-0023563.

6

COUNT FOUR

[18 U.S.C. § 933(a)(1), 2(a)]

[ALL DEFENDANTS]

On or about April 1, 2026, in Los Angeles County, within the Central District of California, defendants MIGUEL ANGEL MELENDEZ, also known as "Twin," and VICENTE ALEXANDER RAMOS III, each aiding and abetting the other, knowingly shipped, transported, transferred, caused to be transported, and otherwise disposed of the following firearms to another person, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by the recipient would constitute a felony, namely, a violation of 22 U.S.C. § 2778(a), (b)(1), (b)(2) and 22 C.F.R § 121.1, 50 U.S.C. § 4819:

(1)  A Smith & Wesson, model M&P 9 Shield, 9mm caliber semi-automatic pistol, bearing serial number JPN3582;

(2)  A Taurus, model 405, .40 caliber revolver, bearing serial number EY527056;

(3)  A Ruger, model Precision Rimfire, .17 caliber bolt-action rifle, bearing serial number 842-42374; and

(4)  A Remington, model 870, 12-gauge shotgun, bearing serial number V497050V.

COUNT FIVE

[26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about March 26, 2024, in Los Angeles County, within the Central District of California, defendants MIGUEL ANGEL MELENDEZ, also known as "Twin," and VICENTE ALEXANDER RAMOS III, each aiding and abetting the other, knowingly possessed a firearm, namely, an Anderson Manufacturing, model AM-15, .223 caliber semi-automatic rifle, bearing serial number 21454929, having a barrel length of 12 inches, which defendants MELENDEZ and RAMOS knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Section 5845(a)(3) and (c), and which had not been registered to defendants MELENDEZ and RAMOS in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT SIX

[26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about April 10, 2024, in Los Angeles County, within the Central District of California, defendants MIGUEL ANGEL MELENDEZ, also known as "Twin," and VICENTE ALEXANDER RAMOS III, each aiding and abetting the other, knowingly possessed a firearm, namely, an Aero Precision, model X15, multi-caliber semi-automatic rifle, bearing serial number X437301, having a barrel length of 9.6 inches, which defendants MELENDEZ and RAMOS knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Section 5845(a)(3) and (c), and which had not been registered to defendants MELENDEZ and RAMOS in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNTS SEVEN AND EIGHT

[26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about April 1, 2026, in Los Angeles County, within the Central District of California, defendants MIGUEL ANGEL MELENDEZ, also known as "Twin," and VICENTE ALEXANDER RAMOS III, each aiding and abetting the other, knowingly possessed the firearms as set forth below, each of which defendants MELENDEZ and RAMOS knew to be a firearm and short-barreled rifle, as defined in Title 26, United States Code, Section 5845(a)(3) and (c), and which had not been registered to defendants MELENDEZ and RAMOS in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | FIREARM |
|-------|---------|
| SEVEN | A privately made rifle, bearing no markings or serial number (commonly referred to as a "ghost gun"), having a barrel length of 12 inches |
| EIGHT | A privately made rifle, bearing no markings or serial number (commonly referred to as a "ghost gun"), having a barrel length of 9.75 inches |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Count One of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

11

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 934 and 924]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 934(a)(1) and 924(d), in the event of any defendant's conviction of the offenses set forth in any of Counts Two through Four of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation;

(b)  All right, title, and interest in any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has

12

been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

3.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Five through Eight of this Indictment.

4.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

///

///

///

14

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/_____
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney & Chief, Criminal
Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes
Section

CHRISTINA R.B. LÓPEZ
Assistant United States Attorney
Major Crimes Section

15